UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 2:12-cr-00224-KJD-PAL |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| ROLAND HINDS, | |
| Defendant. | |

Presently before the Court is Plaintiff's Motion to Dismiss (#36) Defendant's Motion to Vacate and Set Aside Sentence under § 2255. Defendant filed a response in opposition (#37) to which Plaintiff replied (#38).

I. Facts and Procedural History

Defendant pled guilty to one count of receipt of child pornography on April 23, 2013. He was adjudicated guilty and sentenced to ninety-seven (97) months of custody followed by lifetime supervised release on July 30, 2013. Following entry of judgment (#32) the following day, Defendant waited over four years to file the present motion to vacate. Though he argues that the delay was caused by ineffective assistance of counsel, it is clear from the transcripts of both the change of plea and sentencing hearing that he admitted and disclosed facts necessary to adjudicate him guilty and that he was adequately informed of his right to file an appeal and his right to appointed counsel on direct appeal. See Doc. No. 39, p. 16-18 and Doc. No. 40, p.11.

II. Analysis

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), establishes a one-year statute of limitations for bringing a federal habeas petition. See Pub. L. No. 104-132, §§ 101, 105, 110 Stat. 1214, 1217, 1220 (1996). Under the AEDPA, a federal prisoner's motion for relief under 28 U.S.C. § 2255 is timely if it is filed within one year of, "the date on which the

judgment of conviction becomes final." See 28 U.S.C. § 2255 (f)(1).

This Court entered judgment on July 31, 2013. (#32). Hinds did not appeal, and his conviction therefore became final on August 14, 2013. See Fed. R. App. P. 4(b)(1)(A) (notice of appeal must be filed within 14 days of the entry of judgment); United States v. Gilbert, 807 F.3d 1197, 1199 (9th Cir. 2015) ("[I]f the movant does not pursue a direct appeal to the Court of Appeals, the conviction becomes final when the time for filing a direct appeal expires."). Thus, Hinds had until August 14, 2014, to file his motion. Hinds filed his motion on August 29, 2017, more than three years after the deadline for filing the motion had passed. His motion is therefore untimely.

The one-year deadline for filing a § 2255 motion is subject to equitable tolling as argued by Defendant, but courts may grant such relief only in extraordinary circumstances. To succeed on a claim for equitable tolling under the AEDPA, a habeas petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance has stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

The threshold for equitable tolling is "very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002); see also Rouse v. U.S. Dep't of State, 548 F.3d 871, 878 (9th Cir. 2008) ("equitable tolling is applied only sparingly"). This substantial bar "is necessary to effectuate the 'AEDPA's statutory purpose." Mendoza, 449 F.3d at 1068 (quoting Guillory v. Roe, 329 F.3d 1015, 1018 (9th Cir. 2003)). A § 2255 movant bears the burden of showing that he is entitled to equitable tolling. Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005).

In United States v. Aguirre-Ganceda, 592 F.3d 1043, 1045 (9th Cir. 2010), the court of appeals affirmed the district court's dismissal as untimely of a § 2255 motion that was filed more than one year after the Supreme Court's denial of his petition for a writ of certiorari, but less than one year after the Court's denial of his petition for rehearing from that denial. The court of appeals first noted that conviction was final when the Supreme Court denied certiorari (making his § 2255 motion about two-and-a-half months late). And it rejected the defendant's claim that equitable tolling was warranted due to his limited proficiency in English and alleged erroneous

advice by his attorney regarding the deadline for filing the § 2255 motion. See id. at 1046 ("Extraordinary circumstances do not include a lawyer's miscalculation of a limitation period. Nor has Aguirre demonstrated that 'he was unable, despite diligent efforts, to procure either legal materials in his own language or translation assistance from an inmate, library personnel, or other source.'"). Hinds acknowledges that his motion is untimely, but merely asserts, without providing any evidence, that he was "diligent in his attempts to timely file" a motion, and that his prior attorney's "egregious ineffective assistance prevented" from filing the motion within the limitations period because his attorney "failed to advise or assist him." These unsupported assertions are plainly insufficient.

Hinds does not describe any efforts he took to prepare or file the motion, or any explanation for his claim that he was "prevented" from doing so. Moreover, criminal defendants do not have a right to assistance of counsel in § 2255 proceedings, and the overwhelming majority of § 2255 motions are filed *pro se*. Hinds gives no explanation for his implied assertion that he was unable to file a § 2255 motion without counsel. Cf. Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis" for tolling of the one-year limitation for filing motions under 28 U.S.C. § 2254 (quoting United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004)); ibid. (noting that "ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse" failure to comply with the one-year limitations period for habeas petitions (quoting Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000)).

While abandonment by an attorney may, in certain circumstance, constitute an "extraordinary circumstance," the attorney's actions along cannot satisfy the separate and distinct requirement that a defendant demonstrate diligence. See, e.g., United States v. Buckles, 647 F.3d 883, 890 (9th Cir. 2011) (holding that even if, as the defendant there alleged, his attorney ignored his repeated phone calls and numerous letters and refused to file a habeas petition on his behalf, the defendant "had more than one year within which to file his § 2255 motion" and his failure to do so "is not attributable to counsel"); Aguirre-Ganceda, 592 F.3d at 1045 (equitable tolling unwarranted where defendant's lawyer miscalculated limitations period, where the defendant had

not "demonstrated that 'he was unable, despite diligent efforts, to procure either legal materials in his own language or translation assistance from an inmate, library personnel, or other source'"); Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000) ("If the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing.").

Hinds cites no cases to the contrary. In Holland v. Florida, 560 U.S. 631, 653 (2010), the Supreme Court concluded that the defendant had been diligent based on the fact that he "not only wrote his attorney numerous letters seeking crucial information and providing direction; he also repeatedly contacted the state courts, their clerks, and the Florida State Bar Association in an effort to have Collins—the central impediment to the pursuit of his legal remedy—removed from his case" and further that very day that Holland discovered that his AEDPA clock had expired due to Collins' failings, Holland prepared his own habeas petition pro se and promptly filed it with the District Court." Hinds makes no such showing of diligence.

Hinds's reliance on Albillo-De Leon v. Gonzales, 410 F.3d 1090, 1099-1100 (9th Cir. 2005) is misplaced. In that immigration case, the court explained that equitable tolling on the petitioner's motion to reopen was warranted where "despite all due diligence, [the party requesting equitable tolling] is unable to obtain vital information bearing on the existence of the claim," and it found the petitioner had been diligent where he followed up with his attorney, sought advice from the immigration court, and filed a FOIA request. The court held that the time was tolled until the date on which the defendant learned of his attorney's deficient representation. In contraste, Hinds 1) makes no allegation of any "vital information" he was unable to obtain bearing on the existence of his claim; 2) makes no assertions of any steps he took to pursue his claim; and 3) makes no assertion of the date on which he learned of this attorney's alleged deficient representation (although presumably it would be shortly after sentencing, since Hinds asserts he never heard from his attorney again after that hearing).

Further, Hinds' argument, that "[p]rejudice is presumed when an attorney fails to file an

appeal against the petitioner's express wishes" <u>Manning v. Foster</u>, 224 F.3d 1129, 1136 (9th Cir. 2000), fails when faced with the facts in this case. While true, that proposition fails where, as here, Hinds does not allege that he specifically instructed his attorney to file a notice of appeal. In any event, even if Hinds had instructed his attorney to file a notice of appeal such that the attorney's failure to do so constituted ineffective assistance, that still does not fulfill the separate and distinct requirement of showing diligence.

Finally, Hinds's attempt to come within the "actual innocence" exception to the limitations period fails. First, contrary to his assertion, Hinds is not "incarcerated on the basis of a confession that he never made"; he is incarcerated based on his sworn admission to this Court, under penalty of perjury, that he is guilty of his crime of conviction. The "actual innocence" exception applies only when a defendant brings forth new, reliable evidence that makes it more likely than not that no reasonable juror would convict. <u>Schlup v. Delo</u>, 513 U.S. 298, 324 (1995).

The only "evidence" Hinds offers are excerpts from transcript of his own interview with law enforcement officers. The transcript itself is not new, and even if it were, because Hinds himself was the subject of that interview, he personally would have been aware of the alleged fact that he did not make certain statements attributed to him in the police report and plea agreement. *Cf.* <u>Chestang v. Sisto</u>, 522 F. App'x 389, 391 (9th Cir. 2013) (finding that actual innocence claim did not rely on new evidence where, "while Mann's declaration may have been new as of 2004, it concerns events that took place in 1993 and that were within Chestang's knowledge. That is, if Mann, not Chestang, shot the victims, Chestang knew that fact on the night of the murders. He nonetheless told his friends he was the shooter, turned himself in, pleaded guilty, and served ten years of his prison sentence before asserting that Mann was the shooter.").

Therefore, Defendant having failed to timely file his motion and having failed to meet his burden in establishing facts requiring that the deadline be equitably tolled, the Court must dismiss his untimely § 2255 motion.

///

///

III. Conclusion

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Dismiss (#36) Defendant's Motion to Vacate and Set Aside Sentence under § 2255 is **GRANTED**;

IT IS FURTHER ORDERED that Defendant's Motion to Vacate and Set Aside Sentence under § 2255 (#33) is **DISMISSED as untimely**;

IT IS FURTHER ORDERED that the Clerk of the Court open a corresponding civil case for this § 2255 motion;

IT IS FURTHER ORDERED that the Clerk of the Court enter **JUDGMENT** for Plaintiff and against Defendant and close the civil action.

Dated this 28th day of June 2021.

Kent J. Dawson
United States District Judge